UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRAVIS L. ELAM,

      Petitioner/Defendant,

v.

UNITED STATES OF AMERICA,

      Respondent/Plaintiff.

Case No. 05-cv-4185-JPG
Crim. No. 03-cr-40079

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on petitioner Travis L. Elam's (Elam) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Doc. 11).

## BACKGROUND

On December 2, 2003, Elam was indicted on one count of conspiring to manufacture and distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) & 846, and on May 17, 2004, he pleaded guilty to the charge pursuant to a plea agreement. On September 30, 2004, the Court sentenced Elam to serve 240 months in prison, and on October 7, 2004, Elam's judgment order was entered on the docket. Elam did not appeal his conviction.

On September 29, 2005, Elam filed a timely § 2255 alleging his counsel was constitutionally ineffective in a variety of ways, including that he failed to file a notice of appeal after Elam specifically requested him to do so.

## ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in

violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations[,]" *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), and is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (internal quotation marks omitted).

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

In his § 2255 motion, Elam states that he asked his trial counsel, Alok Kale, to file a notice of appeal. As he signed his petition under penalty of perjury, the Court views it as an affidavit. *See Kafo v. United States*, 467 F.3d 1063, 1068 & 1068 n.8 (7th Cir. 2006). The government has attached an affidavit from Kale to its response to Elam's motion. In his affidavit, Kale states that

at Elam's sentencing hearing, he and Elam agreed that Elam would not appeal his sentence and conviction in the hope of receiving a downward departure or sentence reduction pursuant to U.S.S.G. 5K.1.1 or Federal Rule of Criminal Procedure 35.

The Court is faced with conflicting evidence about whether Elam asked Kale to file a notice of appeal. It can only resolve this question of fact by holding a hearing. Accordingly, the Court will hold a hearing to determine whether Elam timely requested Kale to file a notice of appeal.

## CONCLUSION

The Court hereby **ORDERS** that a hearing shall be held on February 9, 2007 at 11:00 a.m. on the question of whether Kale was constitutionally ineffective for failing to file a notice of appeal.

The Court finds that the interests of justice require that Elam be represented by counsel at the hearing but that he is unable to afford counsel. Accordingly, the Court hereby **APPOINTS** the Federal Public Defender to represent Elam in the hearing pursuant to the Rule 8 of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A. This representation is limited to the issue of whether Kale was ineffective for failing to file a notice of appeal.

The Court **RESERVES RULING** on the other claims of ineffective assistance of counsel raised in Elam's § 2255 motion pending resolution of the issue to be addressed at the hearing.

**IT IS SO ORDERED.**

DATED: January 8, 2007

  s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE